Edward J. Gay Planting & Mfg. Co., Ltd. v. Commissioner.
Edward J. Gay Planting & Mfg. Co. v. Commissioner
Docket No. 418 P.T.
United States Tax Court
1943 Tax Ct. Memo LEXIS 98; 2 T.C.M. (CCH) 857; T.C.M. (RIA) 43445; September 29, 1943
*98 C. J. Batter, Esq., for the petitioner. Royal E. Maiden, Jr., Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: This is a claim for refund of $27,419.30 in processing taxes paid by the claimant under provisions of the Agricultural Adjustment Act as amended, [1] with respect to the processing of sugar cane. The claim was originally filed with the United States Processing Tax Board of Review and was submitted for decision by that Board upon a joint stipulation of facts and briefs by counsel for the parties. Prior to decision by the Board jurisdiction of the claim was transferred to this Court by section 510 of the Revenue Act of 1942. [The Facts] We find the facts as stipulated by the parties. Briefly, these are that the petitioner was a grower of sugar cane, a purchaser of sugar cane, and a producer of direct consumption sugar. As such it was a taxpayer and paid processing taxes in the sum of $27,419.30 on the processing of sugar cane pursuant to and within the meaning and intendment of the Agricultural Adjustment Act as amended. It filed a timely claim, under Title VII of the Revenue Act of 1936, *99 for the refund of the entire amount of processing taxes paid, which claim was disallowed in full by the Commissioner of Internal Revenue and petitioner filed a petition for review with the United States Processing Tax Board of Review. This claim for refund, as filed and as disallowed by the Commissioner, disclosed a tax period margin of $0.01626685 per unit of commodity processed and a margin for the period before and after the tax of $0.00939057 per unit of commodity processed, or an excess margin during the tax period of $0.00687628 per unit. The petitioner produced plantation granulated sugar and first molasses for direct consumption by the sulphitation process. It also produced blackstrap molasses, as a byproduct. Petitioner at all times sold its granulated sugar at a fixed differential of 35 cents under the prices of the large sugar refiners, all of whom increased their prices by 55 cents per 100 pounds of refined sugar on June 8, 1934, the effective date of the imposition of the processing tax on sugar at the rate of 53 1/2 cents per 100 pounds. The gross value of articles derived from the commodity processed, computed in accordance with section 907(b)(6) of the Revenue Act *100 of 1936 and the regulations applicable thereto, was $266,857.50 for the tax period and $388,727.92 for the period before and after the tax. The units of commodity processed, expressed in terms of 96 degree sugar, raw value, were 7,620.357 pounds during the tax period and 12,241,586 pounds during the period before and after the tax. The petitioner processed sugar cane which it grew on its own plantation and sugar cane which it purchased in the open market from other planters. The books and records of the petitioner were departmentalized, segregating its agricultural operations (the production of sugar cane) from its factory operations (the conversion of own-grown cane and purchased cane into sugar products). Cane purchased from other planters was charged to its factory operations at the actual cost of such purchases delivered to the factory, which was the same as the current market price at the time of processing of cane of like grade and quality in the markets where the petitioner customarily made its purchase. The cane grown on its own plantation by petitioner was charged to its factory operations at the current market price of sugar cane of like quality and grade. Petitioner used *101 such charges as entered upon its books for its factory operations in computing the cost of commodity processed during the respective periods in its claim for refund filed as hereinbefore set out. The sugar cane grown on petitioner's plantation is planted during September and October and is harvested during the months of October to December, inclusive, of the following year. In addition to the crop which is harvested 13 or 14 months after planting, there are second and third cuttings in subsequent years from that same planting. Under petitioner's method of accounting all costs incident to the planting and cultivation of the crop are charged against the first harvest, no costs being deferred as applicable to the second and third cuttings. Petitioner billed the processing tax as a separate item on all its invoices covering the sale of tax-paid molasses, the amount of tax so billed being $3,814.90. Two of petitioner's customers, in setting for some 57,000 pounds of refined sugar invoiced to them during the month of December, 1935, which was sugar on which the petitioner paid no processing tax, deducted the amount of the tax from the invoice price, and such deductions were allowed by *102 the petitioner. After the invalidation of the Agricultural Adjustment Act on January 6, 1936, by the decision of the Supreme Court in United States v. Butler, 297 U.S. 1, petitioner's sales invoices carried one or the other of the following notations: (a) Buyer to pay processing tax, if any. (b) Excise, or any other tax applicable to this sugar, for account of the buyer. The petitioner sold its sugar, as did all other Louisiana processors, with a guarantee against price decline until the due date of payment. The tax period of petitioner was the period commencing June 8, 1934 and ending November 30, 1935. [Opinion] It is respondent's contention that petitioner's statutory cost of commodity for computation of margin during the tax period and the period before and after the tax must, under the facts involved here, be made in accordance with section 907 (b) (5) (b) of the Revenue Act of 1936. [2] He contends that accounting procedure of the claimant is not based upon the actual cost and consequently the computation is not properly to be made under section 907 (b) (5) (a) but under section 907 (b) (5) (b) by multiplying the quantity of sugar cane *103 processed by the petitioner by the current prices at the time of processing for sugar cane of like quality and grade in the markets where the petitioner customarily made its purchases. This was the basis upon which the claimant computed its margins in the original claim for refund filed by it, and the parties are in agreement that if such basis is correct then the margin during the tax period was greater than that during the before and after periods. Respondent in support of his contention calls attention to the fact that under the claimant's method *104 of accounting the actual production cost of its own-grown cane was not determined since such cane was harvested over a three-year period from one planting, although the costs of planting were charged in their total amount against the crop for the first harvesting year. It was further argued that the claimant definitely keeps its books with respect to its manufacturing operations upon the basis of market costs and determined the cost of its own-grown cane by the market prices for the cane which it purchased from other growers. We agree with respondent. The computation in question is properly to be made under section 907 (b) (5) (b) and, in consequence, we find the claimant's margin during the tax period to have exceeded the margin during the before and after periods. It follows that the claimant must be presumed, under section 907 (a) of the Revenue Act of 1936, to have borne none of the burden of the processing tax but to have shifted it to others. It thus becomes necessary that the claimant establish affirmatively by the evidence that the burden of the tax was in fact absorbed and not shifted. Upon consideration of the stipulated facts we can find no evidence that the claimant *105 absorbed the tax and therefore, with nothing more, it would necessarily fail for lack of evidence to sustain the burden of the presumption. But aside from this contention, certain of the stipulated facts indicate clearly, in our opinion, that the burden of the tax was not absorbed by petitioner but passed on to its customers. Thus it is shown that petitioner's sugar is sold on a fixed differential of 35 cents per 100 pounds below prices of the large sugar refiners on the sugar markets. These refiners all on June 8, 1934, the date of the imposition of the processing tax on sugar at the rate of 53 1/2 cents per 100 pounds, increased their prices by 55 cents per 100 pounds, thereby realizing an increased rate slightly in excess of the amount of the tax imposed. Thereafter the market on sugar moved from this higher level set and it is this market which fixed and determined the price realized by this claimant. It is further revealed that the claimant, in some instances, actually billed the tax as a separate item on its invoices. In certain instances after the invalidation of the tax the petitioner permitted customers to deduct the amount of the tax upon invoices covering sugar sold them *106 upon which the claimant had not paid a processing tax. It appears that the claimant intended to pass on the tax and even after the time of its invalidation believed that it had been successful in doing so. We think the facts clearly indicate that it was correct in this belief. We hold the claimant to be entitled to the refund of no portion of the processing taxes paid. Decision will be entered for the respondent.
Footnotes
1. Agricultural Adjustment Act, 48 St. 32, amended 48 St. 670↩.
2. SEC. 907. EVIDENCE AND PRESUMPTIONS. * * * * *
(b) The average margin for the tax period and the average margin for the period before and after the tax shall each be determined as follows: * * * * *
(5) Cost of Commodity. - The cost of commodity processed during each month shall be (a) the actual cost of the commodity processed if the accounting procedure of the claimant is based thereon, or (b) the product computed by multiplying the quantity of the commodity processed by the current prices at the time of processing for commodities of like quality and grade in the markets where the claimant customarily makes his purchases.↩